IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Flora Messer,<br>    Plaintiff,<br><br>    v.<br><br>Commissioner of Social Security<br>Administration,<br>    Defendant. | Case No. 8:11-cv-00919-JMC-JDA<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

This matter is before the Court on an Order to Show Cause why the case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). [Doc. 14.] Plaintiff brought this action on April 18, 2011 pursuant to 42 U.S.C. §§ 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security. [Doc. 1.]

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

The present action has been pending for over eight months, yet Plaintiff has filed nothing but the Complaint in the case. Defendant filed the Answer on October 13, 2011, making Plaintiff's brief due by November 17, 2011. A staff member from the Clerk's Office contacted Plaintiff's counsel via electronic mail on December 1, 2011 to inquire about the past due brief. On December 5, 2011, the staff member followed up with a telephonic message for Plaintiff's counsel. On December 6, 2011, Plaintiff's counsel informed the

staff member that he thought the brief was due by December 12, 2011[1] and would file a brief by that date. Because no brief was filed by December 13, 2011, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. To date, no brief has been filed, and Plaintiff has failed to respond to the Court's Order to Show Cause.

Although the Court is unable to determine the degree of personal responsibility on the part of Plaintiff, as opposed to her counsel, for the failure to respond to the Court's Order to Show Cause or the failure to file her brief, at this procedural posture, based on the circumstances of the case, the Court is left with no option but to recommend dismissal pursuant to Rule 41(b) for failure to prosecute. The case has been pending over eight months, and Plaintiff has now had over two months since the filing of the Answer to file her brief. The Court is unsure what errors Plaintiff alleges the Administrative Law Judge made when deciding to deny Plaintiff's benefits. [*See* Doc. 1 (complaining generally that "Plaintiff's claim is not in accordance with the purpose and intent of the Social Security Act, nor is it in accordance with the law, nor is it in accordance with the evidence" but failing to point to specific errors).] The Court has warned Plaintiff that it was considering dismissal pursuant to Rule 41(b) and given Plaintiff an opportunity to demonstrate why the case should not be dismissed. [Doc. 14.] Plaintiff ignored the Court's Order and failed to respond. Because Plaintiff has already ignored deadlines set by the Court and the Court's Order, sanctions less drastic than dismissal would not be effective.

---

[1] The Court notes the docket text associated with Defendant's Answer states Plaintiff's brief was due by 11/17/2011, so the Court is unsure why Plaintiff's counsel thought the brief was due by December 12, 2011.

Wherefore, based upon the foregoing, the Court recommends that the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

December 20, 2011
Greenville, South Carolina