IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Flora S. Messer, | ) | |
| | ) | C.A. No. 8:11-cv-00919-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final

decision of the Commissioner of Social Security ("Commissioner") denying his claims for social

security disability insurance benefits ("DIB") under the Social Security Act (the "Act"). This matter

is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report"),

[Doc. 15], filed on December 21, 2011, by United States Magistrate Judge Jacquelyn D. Austin, to

whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule

73.02 for the District of South Carolina. In the Report, the Magistrate Judge recommends that the

decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's claim for

"DIB" be affirmed and the above-listed case be dismissed for failure to prosecute. The Report sets

forth the relevant facts and legal standards which this court incorporates herein without a recitation.

The Plaintiff filed no objections to the Report. In the absence of objections to the Magistrate

Judge's Report and Recommendation, this court is not required to provide an explanation for

adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in

the absence of a timely filed objection, a district court need not conduct a de novo review, but instead

must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005)

(quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written

objections to the Report and Recommendation results in a party's waiver of the right to appeal from

the judgment of the District Court based upon such recommendation.  28 U.S.C. § 636(b)(1);

*Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States*

*v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

> In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party
> may file written objections....The Court is not bound by the recommendation of the
> magistrate judge but, instead, retains responsibility for the final determination.  The
> Court is required to make a *de novo* determination of those portions of the report or
> specified findings or recommendations as to which an objection is made.  However,
> the Court is not required to review, under *de novo* or any other standard, the factual
> or legal conclusions of the magistrate judge as to those portions of the Report and
> Recommendation to which no objections are addressed.  While the level of scrutiny
> entailed by the Court's review of the Report depends on whether or not objections
> have been filed, in either case, the Court is free, after review, to accept, reject, or
> modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. Of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992)

(Citations omitted).

> In light of the standard set forth in *Wallace*, the court has reviewed, *de novo*, the Report.

After careful review of these documents, the Court **ACCEPTS** the Report. [Doc. #15].  Therefore,

for the reasons articulated by the Magistrate Judge, the above listed case is **DISMISSED** for failure

to prosecute.

> **IT IS SO ORDERED.**

                                              *J. Michelle Childs*
                                              United States District Judge

Greenville, South Carolina
January 30, 2012.

2